IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| John Szigethy, | ) | |
|     Plaintiff, | ) ) ) | |
|     v. | ) ) | No.   13 C 2616 |
| NCO Financial Systems, Inc., a Pennsylvania corporation, | ) ) ) ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, John Szigethy, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.    Plaintiff, John Szigethy ("Szigethy"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect a delinquent consumer debt, that he allegedly owed for an American Express account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its five offices in Illinois, as well as its many offices throughout the United States, Defendant NCO operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCO is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCO conducts business in Illinois.

6. Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Szigethy is a senior citizen, with limited assets and income, who fell behind on paying his bills, including one he allegedly owed for an American Express account. When NCO began trying to collect this debt from him, Mr. Szigethy sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant NCO's collection actions.

8. Specifically, Defendant NCO sent Mr. Szigethy an initial form collection letter, dated July 20, 2011, demanding payment of the American Express account. A copy of this letter is attached as Exhibit C.

9. Accordingly, on July 21, 2011, one of Mr. Szigethy's attorneys at LASPD informed NCO, in writing, that Mr. Szigethy was represented by counsel, and directed NCO to cease contacting him, and to cease all further collection activities because Mr. Szigethy was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

10. Nonetheless, Defendant NCO called Mr. Szigethy directly, including, but not limited to, a telephone call on March 28, 2013, from telephone number 800-339-7650, to demand payment of the American Express debt.

11. Accordingly, on April 2, 2013, one of Mr. Szigethy's LASPD attorneys had to write to Defendant NCO again to demand that it cease communications and collections. Copies of this letter and fax confirmation are attached as Exhibit E.

12. Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Mr. Szigethy's, agent/attorney, LASPD, told Defendant NCO to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

17. Defendant NCO's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant NCO knew that Mr. Szigethy was represented by counsel in connection with this debt because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant NCO to cease directly communicating with him. By directly calling Mr. Szigethy, despite being advised that he was represented by counsel, Defendant NCO violated § 1692c(a)(2) of the FDCPA.

21. Defendant NCO's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

**PRAYER FOR RELIEF**

Plaintiff, John Szigethy, prays that this Court:

1. Find that Defendant NCO's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Szigethy, and against Defendant NCO, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, John Szigethy, demands trial by jury.

John Szigethy,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 8, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5